DISY ALLEN, APPELLANT *v.* JOHN S. BARNES, AS ADMINISTRATOR, ETC., RESPONDENT.

CONSTRUCTION OF WILL—POWER TO ADMINISTRATE AS INCIDENTAL THERETO.—Act of Congress, approved June 23, 1874, Section 3, gives to probate courts exclusive original jurisdiction of all matters pertaining to settlement of estates, but district courts may take cognizance of equitable suits for construction of wills, but when the will is construed, it is left to the probate court to execute, and district court will not proceed with administration.

ID—DISCRETION OF EXECUTORS.—A clause in a will stating that "it is my further desire that out of the proceeds of said estate, leaving same to the best judgment and discretion of said executors hereinafter named, to pay" certain sums per month to testator's mother and aunt, gave to the administrator *cum testamento annexo* a reasonable discretion to fix the amount at what he deemed sufficient, to be paid out of any part of said estate in his hands.

APPEAL from a judgment of the District Court of the Third District. The opinion states the facts.

*Messrs. Williams & White* for appellant.

*Mr. M. M. Kaighn* for respondant.

HENDERSON, J.

The complaint avers that Joseph M. Allen died December 23, 1880, leaving the following will: "In the name of

God, amen. I, Joseph Moroni Allen, of the city of Salt Lake, territory of Utah, being weak in body, but of sound and disposing mind, and not under restraint or the influence or representation of any person, do make, publish, and declare this last will and testament: *First.* I hereby revoke all former wills and testaments heretofore made by me, and do solemnly declare that this alone is my last will and testament. *Secondly.* I direct my executors, hereinafter mentioned, as soon as they have sufficient funds in their hands, to pay all my debts, of whatsoever kind and character. *Third.* I leave and devise to my beloved wife, Julia H. Allen, one-fourth of all my real estate, and devise and give the same to her during her life, and after her death the same shall go to my children, hereinafter mentioned, and to be divided in equal proportions among them, share and share alike; and, if there be but one of said children surviving at the time of her death, then all of said property shall go to said surviving child. And I further give and bequeath to the said Julia H. Allen a one-fourth interest in all personal property belonging to me at the time of my death. *Fourth.* I devise and bequeath to my mother, Disy Allen, and my aunt, Rachel Allen, jointly, and during the life of the survivor, the house they now live in and occupy as a home; and at their death, or at the death of the survivor, then said house, or the proceeds thereof, however arising, to be divided among my said children hereinafter mentioned, in equal proportions, share and share alike. And it is my further desire that out of the proceeds of said estate, leaving the same to the best judgment and discretion of said executors hereinafter mentioned, to pay unto my said mother, Disy Allen, the sum of twenty ($20) dollars during each and every month of her life, as an income and support for her, and the sum of fifteen ($15) dollars to be paid in like manner, each and every month, to my said aunt, Rachel Allen, during her life, as an income and support. *Fifth.* To my three children, Joseph Milton Allen, May Lisle Allen, and Gertrude Disy Allen, I give and devise all the rest, residue, and remainder of my real estate, of every name and nature whatsoever, owned by me at the time of my death; and I

further give and bequeath the remainder of my personal property, owned by me at the time of my death, to my said three children, and that all of said property, both real and personal, or the proceeds thereof, be divided in equal proportions among them, share and share alike; and, should any of said children die during their minority, then his or her or their share shall go to the survivor or survivors, to be divided among them in equal proportions, share and share alike; and, should there be but one surviving child, then the share of the children shall go to the surviving child as if there had been no other children. Lastly, I hereby appoint my wife, the said Julia H. Allen, and George Sims, both of the city of Salt Lake and territory of Utah, executors of this, my last will and testament."

The complaint further avers that plaintiff is the mother of said deceased, and the person named in the fourth paragraph of said will; that the Rachel Allen also named with her in said will has assigned all her interest and rights under said will to plaintiff; that said will was admitted to probate, and John S. Barnes appointed administrator by the probate court, the executors in said will having refused to accept the trust; that said Barnes accepted said trust and is administering said estate. The complaint further avers, in relation to the fourth paragraph of said will, that said administrator claims that by said will he has the discretion to determine the amount said estate ought to pay and can pay without a sale of real estate, and therefore refuses, and has failed to pay said legacies, while the plaintiff, and her sister, Rachel Allen, demands that said legacies should be paid in full, and denies that said administrator has any discretion whatever as to the amounts of said legacies while there are assets in his hands sufficient and liable to pay the said legacies; that said administrator now has, and has all the time since he became administrator had, ample assets of said estate in his hands to pay said legacies, and all demands required to be paid before said legacies.

The answer denies the construction of the will claimed by the plaintiff, and alleges, as to defendant's construction,

"that while said testator did bequeath a certain contingent sum to said two beneficiaries, which in no event should exceed twenty dollars per month to said plaintiff, and fifteen dollars per month to said Rachel Allen, that the same was payable only out of the net proceeds or income of said estate after all expenses, costs, and debts, and prior bequests and charges, had been fully paid and satisfied, and that the amount was then dependent upon the best judgment and discretion of the executors named, or of such other persons or person as should be charged with the execution of the will of said testator." The answer further alleges that the discretion vested by said will in the administrator has been properly exercised, and payments made out of the income of said estate, and that said plaintiff has for four years acquiesced in defendant's construction of said will, and that no complaint has been made to the probate court in relation thereto. The answer admits the other allegations of the complaint,

The cause was tried in the district court, when the following findings of fact and conclusions of law thereon were found:

"(1) That Joseph M. Allen died on December 23, 1880, in and a resident of Salt Lake county, Utah Territory, leaving a will bearing date February 27, 1880, which will was duly admitted to probate by the proper court, to-wit, the probate court in and for said Salt Lake county, on February 15, 1881.

"(2) That the executors named in said will failed to qualify, and that defendant herein was, on February 15, 1881, duly appointed administrator with the will annexed of the estate of said decedent; that he duly qualified, and ever since has acted as such administrator.

"(3) That by said will testator, among other things, made a bequest in favor of plaintiff and one Rachel Allen, in the following words, to-wit: 'And it is my further desire that out of the proceeds of said estate, leaving same to the best judgment and discretion of said executors hereinafter named, to pay unto my said mother, Disy Allen, the sum of twenty dollars during each and every month of her life, as an income and support to

her, and the sum of fifteen dollars to be paid in like manner, each and every month, to my said aunt, Rachel Allen, during her life, as an income and support.'

"(4) That defendant, said administrator, claimed the right under said clause of said will to exercise his judgment and discretion as to the amount to be paid under said bequest, and up to and including the month of July, 1883, paid each and every month to said Disy Allen the sum of fourteen 29-100 dollars, and to said Rachel Allen the sum of ten 66-100 dollars; that thereafter, each and every month, he paid to said Disy Allen the sum of seventeen and 14-100 dollars, and said Rachel Allen the sum of twelve and 86-100 dollars, up to April 1, 1884, and has made no payments thereafter.

"(5) That on the allowance so paid to them, and by assistance extended to them from other relatives, said beneficiaries Disy and Rachel Allen have been able to live comfortably, after their usual manner of life,

"(6) That the estate of decedent amounted to about $25,000, on which was indebtedness to the amount of about $3,000; that the income of the estate, after the indebtedness was paid, amounted per month, over and above taxes, insurance, and repairs, and other expenses, to from $100 to $120 per month; that the family of decedent, consisting of the widow and three minor children, were dependent upon it for support; and that said beneficiaries, neither of them, had, at the time of making the will, or has had since then, any estate, property, or income other than that provided in the will.

"(7) That all the several allegations of the complaint, except as to the misconduct of the defendant and purport or construction of the will, are true."

CONCLUSIONS OF LAW.

"(1) That the word 'proceeds,' in that portion of said will hereinbefore quoted, should be construed to mean 'income;' that defendant, as administrator with will annexed, was clothed with a reasonable discretion as to the amounts to be paid under the will to said beneficiaries Ra-

chel and Disy Allen, and that the disputed portion of the will should be and is construed accordingly.

"(2) That defendant has exercised his discretion in a reasonable manner, so far as payments were by him made.

"(3) That defendant is entitled to judgment as prayed in his answer, and for his costs."

Judgment was entered pursuant to the findings, and from that judgment the plaintiff appeals to this court.

We can only consider this as an equitable action to construe the terms of the will; the administration of the estate under the will must be left to the probate court. We were urged on the argument to not only construe the contested provisions of the will, but to execute and direct payment. • Section 3 of the act of Congress of June 23, 1874, (Comp. Laws Utah, 53), gives exclusive original jurisdiction to the probate courts of all matters pertaining to the settlement of estates. The district courts, under the general equity powers conferred upon them, may take cognizance of equitable suits for the construction of doubtful provisions of a will, it being a well known subject of equitable jurisdiction, (3 Pom. Eq. Jur. c. 3, sections 3, 4; Redf. Wills, 492); but, when the will is so construed, it only becomes the settled and adjudicated terms of the will, which is left to the probate court to execute, where the entire matters pertaining to the estate are pending, and where it can be executed with reference to the situation and condition of the entire estate.

The question, then, before us is whether, by the will in question, the testator intended that his mother and aunt should be paid monthly, during their lives, the sums of $20 and $15, respectively, out of any property of which he should die seized, and without restriction or supervision by his executors; or whether the amounts to be paid to them were left to the discretion of his executors, not exceeding the sums above stated, and only out of the income of his estate. It is plain that the testator intended to commit to his executors some discretion in relation to the payments, and it is difficult to see wherein their discretion is to be exercised, except as to the sums to be paid.

In the paragraph of his will under consideration, he first makes an absolute bequest to his mother and aunt of the use of a house for a home during the life of the survivor of them. He then changes his language from that of absolute gift to the expression of a desire, leaving the same to the best judgment and discretion of his executors. It can hardly be presumed that the testator did not clearly understand the difference between such expressions. 2 Story, Eq. Jur. sec. 1069. The testator's intention is further made plain by stating the purpose and object of this provision of his will to be for the support of the beneficiaries. We think it plain that he intended to commit the whole matter to the discretion and judgment of his executors, but he fixes the standard by which the discretion is to be exercised. It is but fair to presume, from these provisions of the will, that the testator meant to recognize his moral obligation to provide maintenance for his mother and aunt out of his estate, and to leave it to an intelligent discretion to provide such means as was necessary to that end, having in view their needs, their means of support from other sources, the contributions of others who might be under the same obligation as he, and to fix a limit to the amount which should be so paid, and which he probably deemed sufficient. The discretion thus left to the executors is not wholly arbitrary. If it is abused, no doubt any person interested would make application to the proper court, and correct and control it.

In view of our opinion as to the discretion vested in the executors, we do not deem the construction of the word "proceeds" as very material, but we can hardly think that it was the intention of the testator to absolutely restrict the payments to the annual income. No doubt the executors in exercising their discretion should have reference to the condition of the estate, and the income from it, and should not go beyond the income, unless in their judgment, in order to carry out the objects intended to be provided for by the testator, there should be imperative necessity for it. We think that a decree should be entered in this court that the disputed portion of the will is construed to mean that the defendant, as administrator with

the will annexed, is clothed with a reasonable discretion as to the amounts to be paid under said will to Disy Allen and Rachel Allen, and in his discretion may be paid out of any part of said estate in his hands.   We do not mean to say that the executors can transfer or sell real estate belonging to the estate, for the purpose of paying the beneficiaries, without application to and authority from the proper court.

The clause of the will under consideration was of somewhat doubtful meaning, and we cannot say that this suit for its construction was unnecessary, and, in view of the circumstances, we think that the costs should be divided between the estate and the plaintiff; and this cannot be more equitably done than by leaving each party to pay their own costs in both courts.   The judgment should therefore be without costs to either party.

ZANE, C. J., and BOREMAN, J., concurred.